IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MELVIN J. SIMMONS, | ) | No. C 03-4509 JW (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL |
| vs. | ) ) | |
| ANTHONY A. LAMARQUE, et. al.,, | ) ) | (Docket No. 14) |
| Defendants. | ) ) | |

On June 7, 2007, plaintiff, a California prisoner proceeding pro se, filed this pro se civil rights action under 42 U.S.C. § 1983. His complaint was dismissed with leave to amend, and plaintiff filed a timely amended complaint.

**DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Order of Dismissal
N:\Pro - Se\7.27.2007\03-04509 Simmons4509_dismissal.wpd

B. <u>Plaintiff's Claims</u>

Plaintiff alleges that in January 2003, he was placed in administrative segregation at Salinas Valley State Prison ("SVSP"). In February 2003, he and another administrative segregation inmate ("Indiveri") were being transported in a vehicle by defendants R. Nava ("Nava") and J. Pletting ("Pletting"). Plaintiff, who is black, and Indiveri, who is white, were not separated, and during the course of this transportation, Indiveri struck plaintiff, giving plaintiff an eye abrasion and a swollen lip. According to plaintiff, white inmates were on lock-down status, and Nava and Pletting were aware of racial tensions between black and white inmates at SVSP. Plaintiff also alleges he wrote a letter to defendant Warden Anthony Lamarque stating that employees were conspiring to have plaintiff assaulted.

Plaintiff claims the three defendants failed to adequately protect him from Indiveri, in violation of his constitutional rights. The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).[1] In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. <u>See</u> <u>id.</u> at 833. However, a prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. <u>Id.</u>. at 834. To demonstrate deliberate indifference, the standard for criminal recklessness must be met, i.e., the official "knows of and disregards an excessive risk to inmate health or safety." <u>Id.</u> at 837. "The official must both be aware of facts from which the inference could be

---

[1] The Court recognizes that plaintiff was a pretrial detainee at the time of the incident. Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. <u>See</u> <u>Carnell v. Grimm,</u> 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees). "The requirement of conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the prisons." <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) (citation omitted) (pretrial detainee alleging violation of right to personal security must show deliberate indifference).

1  drawn that the risk of serious harm exists, and he must also draw the inference." Id.  An
2  Eighth Amendment claimant need not show, however, that a prison official acted or
3  failed to act believing that harm actually would befall an inmate; it is enough that the
4  official acted or failed to act despite his knowledge of a substantial risk of serious harm.
5  Id. at 842.  However, harm that befalls an inmate due to a prison official's negligence
6  nor gross negligence will constitute deliberate indifference.  Id. at 835-36 & n.4 (1994);
7  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

8        Based on the allegations in the complaint, defendants had no reason to know that
9  plaintiff faced an excessive risk of harm from Indiveri.  There is no allegation of any
10 history of animosity between Indiveri and plaintiff, or between Indiveri and black
11 inmates generally, or, if such history existed, that defendants knew about it.
12 Additionally, there is no allegation that Indiveri had threatened to harm plaintiff, or that
13 defendants had any knowledge of such threats.  The alleged racial tensions at the prison,
14 and the lock-down of white inmates, did nothing to alert defendants that Indiveri, in
15 particular, presented an excessive risk of harm to plaintiff; indeed, plaintiff alleges that
16 the attack was motivated by plaintiff's pending criminal proceedings in the state court,
17 not by the alleged racial tensions in the prison.  Similarly, the letter sent to Lamarque
18 prior to the incident is not alleged to have identified which employees were allegedly
19 conspiring to have plaintiff harmed, or which inmate might pose such harm.  Finally,
20 there is no allegation that Indiveri was a particularly dangerous inmate, that he had
21 previously assaulted inmates in general, or black inmates in particular.  In short, this
22 was not akin to a case in which officials had placed a naive and vulnerable inmate with
23 a hardened predator.  Cf. Redman, 942 F.2d at 1437-38, 1445-49 (finding deliberate
24 indifference in housing a "young and tender" first-time offender with known sexual
25 predator, and keeping them together even after officials informed of the threat of harm).
26       Even if the decision to allow plaintiff to ride with Indiveri were negligent, such
27 negligence, as discussed above, does not rise to the level of a constitutional violation.
28

Order of Dismissal
N:\Pro - Se\7.27.2007\03-04509 Simmons4509_dismissal.wpd   3

The allegations as to what defendants knew at the time of the incident was that there were racial tensions between black and white inmates at SVSP generally, and that plaintiff believed there was a conspiracy by SVSP employees to have him attacked.  In the absence of any indication as to the threat posed specifically by Indiveri, such as a history of animosity or indications that Indiveri was a particularly dangerous inmate, transporting Indiveri and plaintiff together did not present an "excessive" risk of "serious" harm to plaintiff.  As there is no allegation officials knew of and disregarded an excessive risk to plaintiff's safety, or that they drew an inference that plaintiff faced a substantial risk of serious harm, the allegations in the complaint do not state a cognizable claim that defendants were deliberately indifferent to plaintiff's safety so as to violate his constitutional rights.

Plaintiff also alleges that he should not have been disciplined for "mutual combat" following the incident.  To the extent he intends to bring claims based on such allegedly invalid discipline, such claims are not cognizable.  The fact that a prisoner may have been innocent of the charges does not raise a constitutional issue; the Constitution demands due process, not error-free decision-making.  See Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim upon which relief may be granted.  In light of this dismissal, the motion for appointment of counsel is DENIED.

The Clerk shall close the file, and terminate Docket No. 14 and any other pending motions.

DATED:   July 19, 2007

JAMES WARE
United States District Judge

Order of Dismissal
N:\Pro - Se\7.27.2007\03-04509 Simmons4509_dismissal.wpd